STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-758


LARRY DALE CARR, JR., ET UX

VERSUS

JAMES RICHARD WHITTEN, ET AL.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83044
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell,
Judges.


AFFIRMED.

Charles W. Seaman
Post Office Box 835
Natchitoches, LA   71458-0835
(318) 352-7821
COUNSEL FOR DEFENDANT/APPELLANT:
      Brandy Whitten Pitts

David R. Taggart
Bradley, Murchison, Kelly & Shea, L.L.C.
401 Edwards Street, Suite 1000
Shreveport, LA   71101
(318) 227-1131
COUNSEL FOR THIRD PARTY APPELLEE:
      Tilley's Shreveport Manufactured Housing, Inc.

**Jared Dunahoe**
**Dunahoe Law Firm**
**Post Office. Box 607**
**Natchitoches, LA   71457**
**(318) 352-1999**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Larry Dale Carr, Jr.**
     **Alicia P. Carr**

**AMY, Judge.**

The plaintiffs attempted to purchase a mobile home from the defendant and eight acres of property from the defendant's father. Although the parties entered into an agreement to buy or sell, the sale was not completed after it was discovered that sales tax remained due on the mobile home and the defendant did not pay the fees necessary to produce merchantable title. The plaintiffs filed suit, seeking damages associated with the failed sale. The trial court initially found in favor of the defendant and her father. However, the trial court granted a motion for new trial on the suit against the defendant, awarding damages and costs associated with the failed sale of the mobile home. The defendant appeals. For the following reasons, we affirm.

### Factual and Procedural Background

Larry Dale Carr, Jr., and his wife, Alicia P. Carr, entered into a September 2009 residential agreement to buy or sell with Brandy Whitten Pitts and her father, James Richard Whitten. The agreement involved the Carrs' purchase of a 2007 mobile home, owned by Ms. Pitts, and 8.58 acres, owned by Mr. Whitten. The agreement reflects a closing date of September 30, 2009, which was allegedly extended.[1] During this time, the Carrs' financing for the purchase was arranged with and approved by the Carrs' bank.

However, the record indicates that, in working toward the closing of the transaction, it became apparent that Ms. Pitts did not have the title to the mobile home. The testimony indicates that, ultimately, Ms. Pitts visited the Department of Motor Vehicles in an attempt to obtain the title. The office manager of the Department testified via deposition that Ms. Pitts was informed that the title to the mobile home could not be issued as the sales tax had not been paid. In light of the

---

[1] The perimeters of any extensions agreed to by the parties are unclear given the state of the record on review. No transcript from the original hearing was entered into the record. Rather, only a detailed minute entry is contained therein.

period of time between Ms. Pitts' 2007 purchase of the mobile home and the 2009 attempted sale, penalties and interest were due as well. According to the office manager, Ms. Pitts became upset with this information and left without title being issued.

The Carrs filed the instant suit in January 2010, naming both Ms. Pitts and Mr. Whitten as defendants. The Carrs alleged in their petition that they were told on the transaction's closing date that Ms. Pitts and Mr. Whitten did not have title to the mobile home and that attempts were being made to procure the title. The Carrs alleged that, after the closing date, they were informed that Ms. Pitts and Mr. Whitten no longer desired to sell the property. Each of these assertions were admitted in the corresponding answer to the petition. Initially, the Carrs requested that the trial court enforce the agreement to buy or sell. Citing the terms of the agreement, the Carrs also sought an award of attorney fees and costs.

Following a bench trial, the trial court rendered judgment in favor of Ms. Pitts and Mr. Whitten. Reasons for ruling indicate that the trial court concluded that Ms. Pitts was not in bad faith in her default on the agreement, concluding that "it is more probable than not that Ms. Pitts was too casual about being aware of all the details of the purchase of the mobile home." The trial court noted that the attorney chosen during the closing process testified that Ms. Pitts was cooperative in attempting to obtain the title. The trial court stated that "although the failure to have a title to the mobile home for the closing was initially the fault of Ms. Pitts, it was through negligence, and not malicious. Thereafter, she acted in good faith in attempting to obtain the title." Further, the trial court accepted testimony indicating that Ms. Pitts did not pay the necessary fees to the Department of Motor Vehicles because it was

2

prohibitively expensive for her. Given its finding of good faith,[2] the trial court denied recovery to the plaintiffs.

The plaintiffs thereafter filed a motion for new trial and argued, among other things, that the trial court applied an incorrect burden of proof in relation to Ms. Pitts' conduct. Chiefly, the plaintiffs questioned the trial court's determination that Ms. Pitts was merely negligent and, therefore, the agreement to buy or sell was not enforceable against her. The trial court thereafter denied the motion for new trial on certain factual determinations and as it related to Mr. Whitten. However, the trial court granted the motion for new trial as it related to enforcement of the agreement against Ms. Pitts. The trial court cited jurisprudence indicating that negligence, as it found was present here, equated to fault and that, therefore, the agreement was enforceable pursuant to La.Civ.Code art. 1772. Thus, the trial court ordered a new trial for the purpose of determining the appropriateness of an award of specific performance and/or damages.

At the resulting trial, Ms. Pitts testified and explained that she and her husband no longer sought specific performance of the agreement. Rather, they sought enforcement of the agreement's provision regarding "default of agreement by seller," which permitted the buyer to file suit for termination of the agreement and "an amount equal to 10% of the Sale Price as stipulated damages."[3] The agreement further

---

[2] Title to the acreage owned by Mr. Whitten was not at issue. Testimony indicated that Ms. Pitts was the sole owner of the mobile home.

[3] In the event of a seller's default, the agreement provides the buyer with options for recovery as follows:

> DEFAULT OF AGREEMENT BY SELLER: In the event of any other default of this Agreement by SELLER except as set forth in lines 103 through 115 or lines 200 through 203, BUYER shall at BUYER's option have the right to declare this Agreement null and void with no further demand, or to demand and/or sue for any of the following: 1) Termination of this Agreement;
> 2) Specific performance;
> 3) Termination of this Agreement and an amount equal to 10% of the Sale Price as stipulated damages.

permitted the prevailing party to recover attorney fees and costs. Following the hearing, the trial court awarded damages in keeping with the provision. In calculating the damages owed, the trial court considered the value of the mobile home only, insofar as the acreage was no longer at issue. The resulting judgment awarded a total of $14,010.13 plus legal interest from date of judicial demand and costs of the proceedings, including certain deposition costs.

Ms. Pitts appeals, asserting that the trial court erred in granting the motion for new trial and in "equating negligence with bad faith."

## Discussion

Ms. Pitts references her efforts to obtain title and suggests that, although, she did not produce the title within the period of the contract, her efforts to do so were in good faith. She contends that the Carrs could have preserved their right to purchase the property if they had extended the contract until the curative work could have been completed. Accordingly, she contends that the trial court erred in granting the motion for new trial.

In this instance, the trial court granted a partial new trial upon a determination that it originally applied an incorrect burden of proof. Louisiana Code of Civil Procedure Article 1972 provides that: "A new trial shall be granted, upon contradictory motion of any party, in the following cases: (1) When the verdict or judgment appears clearly contrary to the law and the evidence." Having reviewed the record presented, we find no error in the trial court's determination.

As a starting point, we note that the parties' agreement to buy or sell provides, in pertinent part, that:

---

Further, BUYER shall be entitled to the return of the Deposit. The prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs. The SELLER may also be liable for Broker fees.

4

MERCHANTABLE TITLE/CURATIVE WORK: SELLER shall deliver to BUYER a merchantable title at SELLER's costs (see lines 198 through 203). In the event curative work in connection with the title to the Property is required or is a requirement for obtaining the loan(s) upon which this Agreement is conditioned, the parties agree to and do extend the date for passing the Act of Sale to a date not more than <u>Thirty</u> <u>(30)</u> calendar days from the date of the Act of Sale stated herein. SELLER's title shall be merchantable and free of all liens and encumbrances except those that can be satisfied at Act of Sale. All costs and fees required to make title merchantable shall be paid by SELLER. SELLER shall make good faith efforts to deliver merchantable title. SELLER's inability to deliver merchantable title within the time stipulated herein shall render this Agreement null and void, reserving unto BUYER the right to demand the return of the Deposit and to recover from SELLER actual costs incurred in processing of sale as well as legal fees incurred by BUYER.

As observed by the trial court, the record reveals efforts made by Ms. Pitts to obtain the title to her mobile home. It is clear that she worked with the closing attorney to procure the documents necessary to obtain the title. She did not ultimately do so, however, and failed to do so by her own inaction.

The office manager of the Department of Motor Vehicles testified, via deposition, that she met with Ms. Pitts in an effort to assist her with obtaining the title and that she first instructed her to obtain a statement of origin and an original invoice for her purchase of the mobile home. The manager explained that, when Ms. Pitts later returned, she instructed Ms. Pitts that the sales tax, as well as penalties and attorney fees totaled approximately $3,000.00. She further explained that the payment of this sum was the only obstacle to prevent the issuance of the title and that, upon payment of the sum due, the Department could issue the necessary title. However, the office manager explained that she recalled Ms. Pitts was upset upon learning of the necessary payment.

This is not a situation involving an inability to produce merchantable title.[4] Rather, Ms. Pitts failed to do so because of her own inaction, a failure to pay taxes, penalties, and interest associated with her purchase of the mobile home. Her responsibility to ensure the payment of that fiscal obligation arose, not at the time of the agreement to buy or sell, but two years earlier at the time she purchased the mobile home. Additionally, when she learned of the discrepancy in the attempt to complete the property transaction, she failed to pay those fees and produce the title.

Simply, she did not produce the title necessary for the completion of the contract even though the contract period was extended, in the least, by the self-operating thirty-day period contained in the agreement. Evidence of this inaction supports the trial court's determination that Ms. Carr was at fault pursuant to La.Civ.Code art. 1772, which provides that: "A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment."

As Ms. Pitts failed, by inaction, to pay the taxes and associated penalties seemingly owed for two years and fundamentally required to obtain the title to the subject motor home, the trial court acted reasonably in its conclusion that she was, therefore, at fault in not producing merchantable title. Thus, pursuant to the operation of Article 1772, Ms. Pitts was deemed to have defaulted on her obligation to produce merchantable title under the agreement to buy or sell.

Given Ms. Pitts' default of the contract in this fashion, the agreement allowed the Carrs to demand, among other things, termination of the agreement and "an amount equal to 10% of the Sale Price as stipulated damages." Our review indicates

---

[4] Under the terms of the agreement's clause regarding merchantable title, set forth above, a seller's *inability* to produce merchantable title within the stipulated time period rendered the contract null and void. Further, it entitled the buyer to the return of any deposit, actual costs involved in processing the sale, and legal fees. In this case, it does not appear that the Carrs pursued that remedy. Additionally, the agreement did not include a deposit.

that the trial court appropriately recognized its legal error in the original ruling, remedied that error through the mechanism of the new trial, and awarded damages pursuant to the contract. Finding that the record supports the ruling, we leave the resulting judgment undisturbed.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the defendant-appellant, Brandy Whitten Pitts.

**AFFIRMED.**